

nied that he participated in the preparation of the case then on trial against the accused but failed to specifically deny that he had taken part in the preparation or trial of the companion case, which, of necessity, as will be seen from the facts heretofore stated, rested upon the identical state of facts as the case at bar.

When he came to qualify appellant's bills of exception, the trial court qualified them by saying that he had no knowledge of either case filed against the appellant and took no part in the preparation or trial of either case.

It would not be competent for the trial judge to ignore the testimony of the County Attorney to the effect that he had assisted in the prosecution on the companion case and to certify to the contrary in qualifying the bills. A fact issue being raised by the motion, the testimony of the judge would have to be submitted as that of any other witness. See Benson v. State, 39 Tex.Cr.R. 56, 44 S.W. 167, and Swidan v. State, Tex.Cr.App., 238 S.W.2d 537. The testimony of the judge given at the hearing is not sufficient to overcome the testimony of the County Attorney to the effect that the judge assisted in the former prosecution.

The State's motion for rehearing is overruled; the judgment is reversed, and the cause remanded.

No attorney on appeal, for appellant.

George P. Blackburn, State's Atty., Austin, for the State.

DAVIDSON, Commissioner.

Drunk driving upon a public highway is the offense; the punishment, a fine of $50.

No statement of facts accompanies the record, in the absence of which this court is unable to appraise the bill of exception presented.

The judgment of the trial court is affirmed.

Opinion approved by the court.